O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLIE A. COLBURN,<br><br>        Plaintiff,<br>    v.<br><br>CAROLYN W. COLVIN,<br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>        Defendant. | Case No. ED CV 15-0689 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Kellie A. Colburn ("Plaintiff") challenges the Social Security Commissioner's decision denying her application for disability benefits. Two issues are presented for decision here:

    1.    Whether the Administrative Law Judge ("ALJ") properly rejected Plaintiff's credibility (*see* Joint Stip. at 4-8); and

    2.    Whether the ALJ erroneously determined at step five of her evaluation, based on a Vocational Expert ("VE")'s testimony, that Plaintiff could perform alternative work (*see id*. at 4, 16-22).

The Court addresses Plaintiff's contentions below, and finds that reversal is not warranted.

1

### A. The ALJ Properly Assessed Plaintiff's Credibility

Plaintiff contends that the ALJ improperly assessed her credibility. (*See* Joint Stip. at 4-8.)

As a rule, an ALJ may reject a claimant's credibility "only upon (1) finding evidence of malingering, or (2) expressing clear and convincing reasons for doing so." *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (citation and internal quotation marks omitted).

#### 1. Evidence of Malingering

As an initial matter, the ALJ was entitled to reject Plaintiff's testimony without providing clear and convincing reasons because there was affirmative evidence of malingering. *See Benton*, 331 F.3d at 1040; *Watkins v. Comm'r Soc. Sec. Admin.*, 611 F. App'x 903, 904 (9th Cir. 2015) (ALJ did not err in rejecting subjective testimony when record contained affirmative evidence suggesting claimant was malingering). Significantly, the ALJ cited evidence showing that, during a psychiatric consultative evaluation, Plaintiff: (1) exhibited a definite manipulative quality; (2) had no problems with cognition yet lapsed into irrelevant information, which the evaluator interpreted as manipulative; (3) gave a poor effort during the evaluation; (4) exhibited "very dramatic behavior of having pain" which the evaluator felt was exaggerated; and (5) appeared misleading.[1] (Administrative Record ("AR") at 27, 489, 491-94).

//

//

---

[1] Notably, Plaintiff also exhibited "giveaway weakness" during a physical evaluation, "which can be a sign that the patient is trying to deceive his physician by feigning true muscle weakness." (AR at 502); *Simila v. Astrue*, 573 F.3d 503, 508, 518-19 (7th Cir. 2009); *see also Thebo v. Astrue*, 436 F. App'x 774, 775 (9th Cir. 2011) (affirmative evidence of malingering supporting credibility determination included neurologist's finding that claimant's muscular weakness was "'give away' in nature").

### 2. Clear and Convincing Reasons for Rejecting Plaintiff's Credibility

Additionally, despite having no need to do so, *see Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995), the ALJ provided at least four clear and convincing reasons for discounting Plaintiff's testimony.

First, Plaintiff reported working during part of the relevant period as a student telephone worker and an occupational therapist until one of her back injuries in 2010,[2] and later continued to seek employment. (AR at 26-28, 109, 279-80, 288, 308-09, 384, 520, 522); *Lenhart v. Astrue*, 252 F. App'x 787, 789 (9th Cir. 2007) (ALJ reasonably determined claimant exaggerated symptoms in part because he applied for a job and collected unemployment benefits); *Copeland v. Bowen*, 861 F.2d 536, 542 (9th Cir. 1988) (ALJ properly discredited the claimant's testimony in part because he held himself out as available for work).

Second, Plaintiff's 2010 back surgery was generally successful because she sought infrequent treatment since the operation. (AR at 27, 282-87, 294); *Lenhart*, 252 F. App'x at 789 (ALJ properly discredited claimant in part because surgery was generally successful in relieving symptoms); *Calhoun v. Colvin*, 2014 WL 4243784, at *18 (E.D. N.C. July 22, 2014) (ALJ properly concluded surgery was generally successful because record showed infrequent doctor visits following surgery).

Third, Plaintiff's treatment after surgery was conservative, including (1) medication, such as Motrin, (2) changes to diet, and (3) exercise. (AR at 27, 42, 282-83, 295, 481-82, 503, 514); *see Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) ("[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment.") (citation omitted); *Pruitt v. Astrue*, 2012 WL 2006150, at *2 (C.D. Cal. June 5, 2012) (Motrin is conservative treatment).

---

[2] Plaintiff's relevant period of alleged disability was from January 21, 2005, to August 28, 2014. (AR at 21, 31.) Plaintiff reported seeing 30 patients a day as an occupational therapist in 2010. (*Id.* at 384.) She also reported that she was continuing to seek work as late as 2013 "but . . . [could not] find any job." (*Id.* at 288, 520, 522.)

Fourth, Plaintiff's daily activities – including being able to tend to her own personal needs, cook, clean, do dishes, drive, shop for groceries, run errands, read novels, and handle finances – are inconsistent with her allegation of complete disability. (AR at 24-26, 28, 44, 57-60, 295, 491, 493 (consultative examiner concluding Plaintiff "has full activities of daily living")); *see Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989) (in discounting claimant credibility, ALJ may properly rely on daily activities inconsistent with claim of disability, including claimant's ability to care for personal needs, drive, shop, and perform routine household chores).

Thus, the ALJ properly discounted Plaintiff's credibility.

B. <u>The ALJ Properly Determined that Plaintiff Could Perform Alternative Work</u>

Next, Plaintiff contends that the ALJ erroneously determined at step five of her evaluation, based on a Vocational Expert ("VE")'s testimony, that she could work as an addresser, order clerk, and lens inserter. Specifically, Plaintiff contends that the ALJ's residual functional capacity finding that Plaintiff needs to "stand and stretch not to exceed 10% of the day" conflicts with the Dictionary of Occupational Titles ("DOT")'s descriptions of those jobs. (*See* Joint Stip. at 4, 16-22; AR at 25.)

1. <u>No Conflict between Job Description and Plaintiff's Limitation</u>

First, as a matter of law, neither the DOT nor the testimony of a VE "automatically 'trumps' when there is a conflict" between the two. *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007). Instead, if a conflict *appears* to exist, the ALJ must obtain a "reasonable explanation" for that conflict. *Id.*; *see also* Soc. Sec. Ruling 00-4p, 2000 WL 1898704, at *4 (Dec. 4, 2000).

Here, preliminarily, the alleged conflict between the VE's testimony that Plaintiff could perform the alternative jobs despite the 10 percent stand/stretch limitation[3] does not exist because the DOT[4] is silent regarding such a limitation. (AR

---

[3] Plaintiff refers to the stand/stretch limitation as a "limitation to a sit/stand option." (Joint Stip. at 17, 19-22.)

4

at 65, 70-71); *see Brummett v. Colvin*, 2015 WL 3777372, at *6 (D. Colo. June 16, 2015) (DOT's silence with respect to stand/stretch limitation does not create a conflict with VE's testimony); *Harvey v. Astrue*, 2010 WL 2836817, at *13-14 (N.D. Cal. July 16, 2010) ("Where the DOT does not include information about . . . the existence of a sit/stand option . . . [the VE's] testimony supplements the DOT, rather than conflict[s] with it.")

Consequently, no inherent conflict exists between the DOT and either the VE's testimony or Plaintiff's limitation.

### 2. Step Five Challenge Not Preserved on Appeal

Second, as a rule, "when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999).

In the instant case, Plaintiff was represented by counsel at the administrative hearing, but did not explore this issue before the ALJ. (AR at 72.) Accordingly, the issue is waived.[5] *See Howard v. Astrue*, 330 F. App'x 128, 130 (9th Cir. 2009) (challenge to VE's testimony waived where claimant's attorney had opportunity to question VE about limitation but did not do so); *Carey v. Apfel*, 230 F.3d 131, 146-47 (5th Cir. 2000) (cautioning against allowing claimant to scan record for unexplained conflicts between expert witness testimony and voluminous provisions of DOT, and then present conflict as reversible error when it was not considered sufficient to merit adversarial testing during administrative hearing).

//

---

[4] DOT Nos. 209.587-010, 1991 WL 671797; 209.567-014, 1991 WL 671794; 713.687-026, 1991 WL 679273.

[5] This is particularly true here, where it is not intuitive that Plaintiff's need to stand and stretch, for 10 percent or less of an eight-hour workday, would be precluded by a DOT definition. *See Savasli v. Colvin*, 2015 WL 263482, at *2 (C.D. Cal. Jan. 20, 2015) (claimant should have raised issue of alleged conflict with DOT at hearing, particularly because it was not intuitive that restriction would be precluded by the DOT).

1  Based on the foregoing, **IT IS ORDERED THAT** judgment shall be entered
2  **AFFIRMING** the decision of the Commissioner denying benefits.

4  DATED: December 18, 2015

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

\*\*\*

**This Memorandum Opinion and Order is not intended for publication.  Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

\*\*\*